# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>MAUI INDUSTRIAL LOAN & FINANCE COMPANY,<br><br>    Debtor. | Case No. 10-00235<br>Chapter 7 |
| DANE S. FIELD,<br><br>    Plaintiff,<br><br>vs.<br><br>CASEY ALBRIGHT,<br><br>    Defendant. | Adv. Pro. No. 10-90121<br><br><br><br><br><br>Re: Docket No. 75 |

### MEMORANDUM OF DECISION CONCERNING PLAINTIFF'S MOTION TO DETERMINE RIGHT TO JURY TRIAL

In this adversary proceeding, the chapter 7 trustee of a company that operated a Ponzi scheme seeks to recover money transferred to the defendant. The defendant has demanded a jury trial. The plaintiff objects, claiming the defendant waived the right by filing a proof of claim in the bankruptcy case. I conclude that the defendant shall be allowed to withdraw his proof of claim with prejudice, and that doing so will preserve his constitutional right to a jury trial.

I also conclude that four of the trustee's five claims are "core proceedings"

and one is a "non-core proceeding" under the jurisdictional statute, but that the bankruptcy court lacks constitutional authority to enter final judgment on any of the five claims. Therefore, if this court decides any dispositive motions, the court will enter proposed findings and conclusions and a recommended judgment to the district court.

## FACTS

From 1986 until 2009, the debtor, Maui Industrial Loan & Finance Company, Inc., under the direction of its principal owner and CEO, Lloyd Kimura, enticed investors to invest in a Ponzi scheme which promised substantial returns. The defendant, Casey Albright, invested approximately $97,152.00 in the debtor's Ponzi scheme and received profits from his investments.

On January 28, 2010, the debtor filed for chapter 7 relief under the Bankruptcy Code. Plaintiff Dane S. Field was appointed the bankruptcy trustee.

May 12, 2012 was the deadline to file proofs of claim in the main case. On May 17, 2010, Mr. Albright filed a proof of claim in the debtor's bankruptcy case, contending that the debtor owed him $14,656.00 for "money loaned." Bk. no. 10-00235, Claims Register, no. 41. Mr. Albright apparently filed the claim without an attorney's help; no attorney signed or filed it, and the form contains errors that

an attorney probably would not have made. The record does not suggest that he had any reason to believe, when he filed his claim, that the trustee might sue him.

On October 16, 2010, the trustee sued Mr. Albright. The complaint alleges (in summary) that the debtor operated a Ponzi scheme from 1986 through 2009, that Mr. Albright invested $97,152.00 in the Ponzi scheme, and that the debtor paid him approximately $155,418.02. The complaint states five claims. The first count seeks avoidance of the transfers under 11 U.S.C. § 548; the second count seeks recovery of the transfers under 11 U.S.C. § 550; the third count seeks avoidance of the transfers under Haw. Rev. Stat. § 651C-4; the fourth count seeks avoidance of the transfers under 11 U.S.C. § 544; and the fifth claim seeks recovery of the transferred amounts under the doctrines of unjust enrichment and constructive trust. Dkt. no. 1.

The Federal Rules of Bankruptcy Procedure require parties to make specific statements in their pleadings about the bankruptcy court's jurisdiction. In compliance with Fed. R. Bankr. P. 7008(a), the trustee's complaint alleges that the adversary proceeding is a "core proceeding" under 28 U.S.C. § 157. Dkt. no. 1. Mr. Albright's answer did not, however, comply with Fed. R. Bankr. P. 7012(b); his answer states that he need not admit or deny the trustee's jurisdictional

3

allegations because they are "legal conclusions", but denied the allegations to the extent required. Dkt. no. 54. He made no statement about whether he consented to the entry of final judgment by the bankruptcy court. Mr. Albright also filed a demand for a jury trial. Dkt. no. 57.

At the court's direction, the trustee filed a motion asking the court to determine that this is a "core proceeding" and that Mr. Albright has no right to a jury trial. Dkt. no. 75. Mr. Albright opposed the motion. Dkt. no. 78. Both parties argued the motion at a hearing on November 18, 2011, and have filed post-hearing memoranda. Dkt. no. 90, 92.

## DISCUSSION

Proof of Claim & Right to Jury Trial

The Seventh Amendment to the United States Constitution provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of a trial by jury shall be preserved . . . ." U.S. Const. amend. VII.

A creditor who files a proof of claim in a bankruptcy case waives the creditor's right to a jury trial, not only on the creditor's claims against the estate, but also claims brought against the creditor to avoid fraudulent or preferential

4

transfers.  Compare Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989) (holding that parties who had not submitted a claim against the bankruptcy estate had a right to jury trial when sued by the trustee in bankruptcy to recover allegedly fraudulent transfers); with Langenkamp v. Culp, 498 U.S. 42 (1990) (determining that the defendants were not entitled to a jury trial because they had filed claims against the bankruptcy estate, "thereby bringing themselves within the equitable jurisdiction of the Bankruptcy Court."); and Katchen v. Landy, 382 U.S. 323 (1966) (holding that the bankruptcy court had equitable jurisdiction to order a creditor who had filed a claim against the bankruptcy estate to surrender voidable preferences without affording the creditor a jury trial).

Mr. Albright filed a proof of claim in the bankruptcy case before the trustee commenced this adversary proceeding.  In order to preserve his Seventh Amendment right to a jury trial, Mr. Albright seeks leave to withdraw the proof of claim.  None of the Supreme Court cases analyze whether a withdrawal of a proof of claim should reinstate a party's right to a jury trial.

Fed. R. Bankr. P. 3006 states in relevant part: "[i]f after a creditor has filed a proof of claim . . . a complaint is filed against that creditor in an adversary proceeding, . . . the creditor may not withdraw the claim except on order of the court after a hearing . . . ."  Fed. R. Bankr. P. 3006.  This rule "vests discretion in

5

the court to grant, deny, or condition the request of a creditor to withdraw." Id., Advisory Committee Note (1983). Courts typically allow the withdrawal unless the opposing party will suffer legal prejudice as a result. Resorts Int'l, Inc. v. Lowenschuss (In re Lowenschuss), 67 F.3d 1394, 1399 (9th Cir. 1995).

Mr. Albright should be permitted to withdraw his proof of claim and preserve his right to a jury trial. The right to a jury trial is a fundamental constitutional right and, accordingly, should carry a presumption against waiver. See Aetna Ins. Co. v. Kennedy ex rel. Bogash, 301 U.S. 389 (1937); Praidier v. Elespuru, 641 F.2d 808, 811 (9th Cir. 1981). Such a fundamental right should be preserved when possible and when there is no prejudice to the parties.

The trustee will suffer no legal prejudice as a result of the withdrawal. The only potential "harm" to the trustee would be the requirement to litigate the claims before the district court in a jury trial rather than before the bankruptcy court in a bench trial. Loss of a preferred forum is not "legal prejudice." Smith v. Lenches, 263 F.3d 972, 976 (9th Cir. 2001).

Further, when Mr. Albright filed his claim, he did not have an attorney and he had no reason to suspect that he might be sued. It would be a stretch to say that he "knowingly" waived his jury trial right when he filed his claim.

The trustee argues that Mr. Albright's jury demand is untimely. The trustee

6

U.S. Bankruptcy Court - Hawaii   #10-90121   Dkt # 94   Filed 02/08/12   Page 6 of 10

argues that when Mr. Albright filed his jury demand, he had no constitutional or statutory right to a jury trial because he had filed his proof of claim. The trustee points out that it is now too late for Mr. Albright to demand a jury trial pursuant to Fed. R. Civ. P. 38(b)(1).[1] I do not find this argument persuasive. The right to a jury trial is too important to be destroyed so easily.

"The order of the court [permitting withdrawal of a proof of claim] shall contain such terms and conditions as the court deems proper." Fed. R. Bankr. P. 3006. The trustee argues the court should impose two conditions upon withdrawal of the proof of claim. First, Mr. Albright must withdraw the claim with prejudice. Second, Mr. Albright must also withdraw any defense based upon value he provided in exchange for the transfers.

I agree that, as a condition to withdrawing the proof of claim, Mr. Albright must withdraw the claims with prejudice. See In re The Academy, Inc., 289 B.R. 230, 234 (Bankr. M.D. Fla. 2003) ("If the defendants wish to withdraw their claims at this point, they should do so fully and finally."). Mr. Albright does not contend otherwise.

I do not agree that Mr. Albright must also withdraw his defense based upon

---

[1] The trustee's argument is reminiscent of the White Queen's offer to Alice of "twopence a week, and jam every other day." See Lewis Carroll, Through the Looking Glass and What Alice Found There (1871).

7

value given. The parties analyze the issue by discussing whether the defense should be considered "setoff" or "recoupment," a "defense" or a "claim," or the like. In my view, labels such as these must not obscure the substance of the question. Mr. Albright seeks to preserve his constitutional right to a jury trial. It would be ironic to hold that he can have a jury trial only if he relinquishes one of the best defenses, and perhaps the only defense, that he could present at trial. The law requires him to withdraw his proof of claim in order to preserve his right to a jury trial. Requiring him to waive his most important defense would exact too high a price for a constitutional right.

Core/Non-Core Matters

The trustee seeks a determination that this is a core proceeding. The determination is relevant because there may be circumstances in which the court may be asked to enter a final judgment before trial (for example, on a motion for summary judgment).

This determination requires two inquiries. First, is the matter one in which Congress permitted the bankruptcy court to enter a final judgment? Second, does the Constitution permit the bankruptcy court to enter final judgment?

Congress has empowered the bankruptcy court to enter final judgments in cases under title 11 and all "core proceedings" arising under title 11 or arising in a

bankruptcy case. 28 U.S.C. § 157(b)(1). In a proceeding that is not a core proceeding but is otherwise related to a bankruptcy case, the bankruptcy court can enter final judgment with the consent of the parties or, in the absence of consent, enter proposed findings and conclusions for the district court's de novo review. Id. § 157(c). Each claim must be analyzed separately in order to consider whether the proceeding is core. In re Exide Technologies, 544 F.3d 196, 206 (3d Cir. 2008).

The first four counts of the trustee's complaint are statutory core matters. See 28 U.S.C. § 157(b)(2)(B), (H). The fifth count of the complaint, alleging unjust enrichment, is a statutory non-core claim. In re Bach & Co., 425 B.R. 78, 97-98 (Bankr. S.D. N.Y. 2010); Miller v. Pierce, 2009 WL919441, at *1 (E.D. Okla. Mar. 31, 2009). Findings and recommendations should therefore be sent to the district court for the unjust enrichment claim.

The remaining question is whether the court has the constitutional authority to enter final judgment on the four statutory core claims. See Stern v. Marshall, 131 S.Ct. 2594 (2011). The Supreme Court has indicated that the Bankruptcy Code's codification of traditionally common law claims, such as section 548, does not grant an Article I court the constitutional authority to enter final judgment. See Granfinanciera, 492 U.S. at 49-50. Both section 548 of the Bankruptcy Code

and section 651C of the Hawaii Revised Statutes are codifications of common law claims. Therefore, as a precautionary measure, the court will submit findings and recommendations on all four statutory core claims.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: **02/08/2012**